IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01406-KLM

HECTOR ARMANDO GIL-LEYVA,

    Petitioner,

v.

SHENOA TALEESE LESLIE,

    Respondent.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Respondent Shenoa Taleese Leslie's **Second Motion for Stay of Execution of Orders** [#65][1] seeking a stay of the Court's Order [#56] directing the return of minor children HMG and HFG to Canada pursuant to The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (the "Hague Convention"), and its implementing statute, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 et seq. For the reasons described herein, the Motion [#65] is **GRANTED**.

On April 17, 2018, the Court ordered Respondent Shenoa Taleese Leslie ("Ms. Leslie") to return her two children HMG and HFG to Canada, where they were born and where their father, Petitioner Hector Armando Gil-Leyva ("Mr. Gil-Leyva"), who proceeds

---

[1] "[#65]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

as a pro se litigant in this action,[2] lives. *Order* [#56]. On May 17, 2018, the Court stayed this directive pending resolution of the present Motion. *Minute Order* [#66]. In the Motion [#65], Ms. Leslie seeks a stay of the Court's order to return HMG and HFG to Canada until the Tenth Circuit Court of Appeals issues an opinion on her appeal of the undersigned's April 17, 2018 return Order [#56]. *See Notice of Appeal* [#58]. In the May 17, 2018 Minute Order [#66], the Court directed Mr. Gil-Leyva to file a Response to the Motion [#65] seeking a stay no later than May 29, 2018; however, no Response has been filed.

Pursuant to Federal Rule of Civil Procedure 62(c), "[w]hile an appeal is pending from . . . final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The Court applies four factors in considering whether to stay a return order: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Chafin v. Chafin*, 568 U.S. 165, 179 (2013). The party requesting a stay bears the burden of establishing her entitlement to such relief. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

Regarding the first factor, Ms. Leslie passionately argues that she will succeed on the merits on her appeal. *Motion* [#65] at 8-12. The Court notes that Ms. Leslie appears

---

[2] The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

to, at times, willfully misconstrue the undersigned's statements in the Order [#56]. *See, e.g.*, *id.* at 11 (stating that the undersigned counseled Ms. Leslie to "break the law"); *cf. Order* [#56] at 15-16 (suggesting actions Ms. Leslie could look into taking "[t]o the extent permitted by Canadian law"); *see also Warren v. Ryan*, No. 15-cv-00667-MSK-MJW, 2015 WL 3542681, at *7 (D. Colo. June 5, 2015) (making substantially the same suggestions to a respondent directed to return children to the father residing in another country, under the Hague Convention and ICARA). Regardless, based on Ms. Leslie's argument here, the Court cannot find that Ms. Leslie has made a "strong showing" that she is "likely to succeed on the merits." *See Chafin*, 568 U.S. 179; *see also Nken*, 556 U.S. at 434 (stating that "[i]t is not enough that the chance of success on the merits be better than negligible or that success be a mere possibility" (internal quotation marks omitted)). This factor weighs against imposition of a stay.

Regarding whether the applicant, i.e., Mr. Gil-Leyva, will be irreparably injured absent a stay, *see Chafin*, 568 U.S. 179, there is no evidence beyond the emotional harm to which he testified at the hearing. Given that Mr. Gil-Leyva did not file a Response to provide any additional showing of harm, and given that appellate courts attempt to adjudicate these cases as expeditiously as possible, *see id.*, the Court finds that this factor weights in favor of imposition of a stay.

Regarding whether issuance of the stay will substantially injure the other parties interested in the proceeding, *see id.*, there has been no evidence that the children HMG and HFG will sustain any injury if permitted to stay with their mother, Ms. Leslie, while this appeal is pending. *See Motion* [#65] at 12-13. Accordingly, this factor weighs in favor of imposition of a stay.

Regarding where the public interest lies, *see Chafin*, 568 U.S. 179, Ms. Leslie essentially argues that there is such a significant danger of harm to the children if they are returned to Canada that the public interest in protecting the children outweighs the public interest in expeditiously returning children pursuant to the Hague Convention and ICARA. *Motion* [#65] at 14-16. Plaintiff's argument essentially relies on her assertion that the Court erred in finding that insufficient evidence was presented to meet the standard of Plaintiff's "grave risk" affirmative defense. Regardless, given that Mr. Gil-Leyva has not filed a Response in opposition to Plaintiff's argument, and given that "shuttling children back and forth between parents and across international borders may be detrimental to those children," *see Chafin*, 568 U.S. 179, the Court finds that this factor weighs in favor of imposition of a stay.

Weighing the relevant factors, the Court concludes that staying the Court's return Order [#56] is appropriate pending resolution of Ms. Leslie's appeal with the Tenth Circuit Court of Appeals. Accordingly,

IT IS HEREBY **ORDERED** that the return Order [#56] is **STAYED** pursuant to Federal Rule of Civil Procedure 62(c). HMG and HFG shall reside with Ms. Leslie in the State of Colorado pending resolution of Ms. Leslie's appeal of the Order [#56] to the Tenth Circuit Court of Appeals.

Dated: June 12, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge